USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/8/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
:
GREGORY WILLSON,                                        :
:
Petitioner,                                            :        OPINION AND ORDER
:
          -against-                                    :
:        24 Civ.9897 (NSR)(AEK)
FEDERAL BUREAU OF PRISONS,                             :
FCI OTISVILLE WARDEN E. RICKARD, and                   :
ATTORNEY GENERAL BONDI,                                :
:
Respondents.                                           :
-------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

     *Pro se* Petitioner, Gregory Willson ("Petitioner" or "Willson"), commenced the instant proceeding on December 23, 2024, pursuant to 28 U.S.C. 2241, challenging Defendant Federal Bureau of Prison's ("FBP's") failure to transfer him to a residential re-entry center ("RRC").[1] (ECF No.1, the "Petition.") On or about March 12, 2025, Respondents filed their opposition to the Petition. (ECF Nos. 9-10.) On March 31, 2025 and April 23, 2025, Petitioner filed his replies. (ECF Nos.11-12.) By order dated February 3, 2025, the matter was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). (ECF No. 7.) Presently before the Court is MJ Krause's Report and Recommendation ("R & R") dated October 15, 2025, recommending that that the proceeding be dismissed with prejudice as moot. (ECF No. 25.) For the following reasons, the Court adopts the R & R in its entirety and deems the proceeding dismissed as moot.

---

[1] On July 25, 2025, Petitioner also filed a document titled "Motion for Judicial Review and Modification of Sentence" seeking the same relief. ECF No. 23.

1

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed de novo.  28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  In a de novo review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## **DISCUSSION**

Despite the passage of more than fourteen days, neither Petitioner nor Respondent have objected to MJ Krause's R & R. As required, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

As outlined in more detail in the R & R, Petitioner commenced the proceeding challenging the FBP's failure to timely transfer him to a RRC. More specifically, Petitioner alleges that he was notified by FBP that he was to be moved to a designated RRC on November 13, 2024, but prior to his moving date, he was notified there would be a delay due to the closure of another RRC and the need to relocate existing residents to his designated facility, resulting in a shortage of beds. (*See*, Petition generally.) On April 29, 2025, Petitioner was transferred to a RRC and approximately four months later he was released to home confinement. As MJ Krause concluded, Petitioner's subsequent release to a RRC and to home confinement, the relief sought, renders his habeas petition and motion for judicial review and modification of sentence moot. It is well settled that

"[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). During the initial stages of this proceeding, Petitioner was placed in a RRC and subsequently placed on home confinement. In *Marshek v. Eichenlaub*, 266 F. App'x 392 (6th Cir. 2008), a case of similar import, the Circuit Court dismissed Petitioner's appeal, and the underlying petition challenging BOP regulations governing halfway houses, as moot on the basis that during the pendency of the appeal, the petitioner was placed in a halfway house and later released from custody. Since the appellate court was unable to grant the relief being requested and no injury remained, the case was deemed moot.

## CONCLUSION

Upon a review of the R & R, the Court finds no clear error on the face of the R & R. Accordingly, the Court adopts MJ Krause's R & R in its entirety. The instant proceeding commenced pursuant to 28 U.S.C. 2244 is deemed DISMISSED with prejudice. As the Petition presents no questions of substance for appellate review, a certificate of probable cause should not be issued. *See Rodriquez v. Scully*, 905 F.2d 24 (2d Cir. 1990) (per curiam); *Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir. 1979). The Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Petitioner at the address on ECF, to show service on the docket, and to terminate the motion at ECF No. 23 and the action.

SO ORDERED.

Dated: December 8, 2025
White Plains, New York

_____
Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.

4